# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RENE ANTHONY OLIVER | * | CIVIL DOCKET NO. |
| | * | JUDGE: |
| VERSUS | | |
| | * | MAGISTRATE: |
| MAXIMUS FEDERAL SERVICES, INC. | * | CIVIL RIGHTS |
| | | Title VII of 1964, as amended |
| | * | 42 USC §2000e, et seq. |

\* \* \* \* \* \* \*

## COMPLAINT

The Complaint of RENE ANTHONY OLIVER (hereinafter "Plaintiff"), age of majority is domiciled in the Eastern District of Louisiana, with respect avers the following violations of his federally protected rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., against Maximus Federal Services, Inc. (hereinafter "Defendant or Maximus"). Plaintiff asserts claims for racial discrimination and retaliation in the following respect to-wit:

**1.**

The following party is made Defendant herein:

MAXIMUS FEDERAL SERVICES, INC., a foreign corporation authorize to do and doing business in the State of Louisiana with Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802, designated as its agent

for service of process.

2.

**STATEMENT OF JURISDICTION**

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. §2000e, et seq. as hereinafter more fully appears. This court has jurisdiction over the action under 42 U.S.C. §2000e-5(f) and 28 U.S.C. §§ 1331, 1343 and 28 U.S.C. §1345. The supplemental jurisdiction of this court is invoked for claims arising under the laws of the State of Louisiana, pursuant to 28 U.S.C. § 1367.

3.

**NATURE OF CASE**

Plaintiff worked as a supervisor for MAXIMUS FEDERAL SERVICES, INC. Plaintiff, an African American, refused to violate company policy at the direction of his supervisor, Lyle Schmitz, a Caucasian, was subsequently terminated after filing an ethics violation against his supervisor. African American employees are treated indifferent per company policies and ethical behavior then Caucasian employees, who are allowed to violate company policies without redress. This action is being brought to correct the unlawful employment practices and to provide appropriate relief to the Plaintiff, RENE ANTHONY OLIVER who was adversely affected by such practices. Plaintiff

filed his claim with the EEOC and received a right to sue letter on March 20, 2020.  All administrative procedures required prior to the institution of this lawsuit have been fulfilled. At all times, pertinent herein, giving rise to this action were committed by the Defendant who operates a business and doing business in Washington Parish

The aforesaid Defendant is liable and truly indebted unto your petitioner in the amounts determined by this court from the date of judicial demand until paid, together with costs and attorney fees associated with these proceedings.

4.

**STATEMENT OF CASE**

The Petitioner RENE ANTHONY OLIVER, an African American male, began working for the Defendant, Maximus on October 27, 2014 while it was GDIT. Maximus purchased GDIT on November 16, 2018.  As a supervisor for Maximus, Plaintiff had no disciplinary actions in his employee file.  As noted, he was a good worker who enjoyed his job and did it to the best of his ability. However, on January 24, 2020, the terms and conditions of his employment suddenly changed.

5.

Plaintiff was subjected to disparate treatment by his supervisor, Lyle

Schmitz. Company policy prohibits any reprimand or disciplinary action to be taken against any employee who has completed his/her work day and has signed off or clocked out.

**6.**

Plaintiff shows, while off the clock and leaving work, before he could get to his car in the parking lot, he was approached by his supervisor, Lyle Schmitz and Human Resources. Schmitz asked Plaintiff if he would come inside and to speak with them. Upon plaintiff entering the office, he was handed a verbal warning and asked to sign a letter of resignation from one of his employees. Plaintiff rejected the verbal warning and refused to sign the document in violation of company policy.

**7.**

Plaintiff noted that the reprimand failed to state any policy violation(s) or exception(s) to the established policy prohibiting the action after officially signing off or clocking out of work, including any set of facts of wrongdoing within the scope of any company policy supporting a violation for termination. Plaintiff thereafter left the job site advsing that he would address the issue on Monday.

**8.**

As Plaintiff headed back towards to parking to leave, he went to human

resources for the number to the Ethics Line to file a complaint against his supervisor.  While attempting to get the number from HR, Plaintiff was accused of beating on the desk and threatening a coworker. Thus, human resources was clearly aware that Plaintiff filed an ethical complaint against his supervisor, Lyle Schmitz and did not act under its authority to remediate the complained of act by plaintiff's supervisor.

**9.**

Specifically, plaintiff reported supervisor, Lyle Schmitz, to the ethics line on January 24, 2020.  Subsequently, HR issued a letter stating Plaintiff threatened an employee. Within a month, Plaintiff was fired by his supervisor Lyle Schmitz.  Plaintiff filed a second complaint to the Ethics line for retaliatory conduct after reporting his supervisor for ethical violations. Plaintiff reporting of ethical violations is protected conduct within the scope of Title VII.

**10.**

On February 24, 2020, Plaintiff was discharged from Maximus for falsely being accused of a pattern of behavior as a big angry Black man.  This termination created a huge loss of income for Oliver.

**11.**

That as a result of the incident aforesaid, RENE ANTHONY OLIVER

received injuries to his mind and body which resulted in physical and mental pain and suffering, mental distress, loss of income, back pay, future pay, anguish and medical expenses. Plaintiff is entitled to an amount commensurate with the damages sustained and with said amount to be determined by the trier of fact.

**12.**

Plaintiff requests a jury trial in this matter.

WHEREFORE, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in wrongful discharge and retaliation of any kind in its discipline and discharge practices and any other employment practices.

B. Order the Defendant Employer to institute and carryout policies, practices, and programs which are designed to prevent and to eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant Employer to make whole RENE ANTHONY OLIVER by other affirmative relief necessary to eradicate the effects of its unlawful employment practices and remove all write-ups from his personnel file and reverse the termination.

D. Order the Defendant Employer to make whole RENE ANTHONY OLIVER by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order the Defendant Employer to RENE ANTHONY OLIVER providing compensation for the past and future pecuniary losses, loss of medical benefits, loss of bonus, and loss of retirement resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering inconvenience, loss of past, present and future earnings, loss to enjoyment of life, reduction in her standard of living, lowered self-esteem and humiliation, in the amounts to be determined at trial.

F. Order the Defendant Employer to pay RENE ANTHONY OLIVER punitive damages and attorney fees and costs for its malicious and reckless conduct, as described above, in the amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

Respectfully submitted,
LAW OFFICE OF WILLARD BROWN, SR.

*/s/ Willard Brown, Sr.* .
WILLARD BROWN, SR. 23405
4619 S. Claiborne Ave.
New Orleans, Louisiana 70125
Dir.: (504) 638-2274
Fax (504) 218-5380
Brownsrw@yahoo.com
Attorney for the Plaintiff

## CERTIFICATE

The undersigned hereby certified that on 17th day of June, 2020, the foregoing Complaint was filed electronically with the Clerk of Court using the CM/ECF system. All counsel will be served through the CM/ECF system. There are no non-CM/ECF participants.

*/s/Willard J. Brown, Sr.*
Willard J. Brown, Sr.