UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RENE ANTHONY OLIVER,**<br>  Plaintiff<br><br>v.<br><br>**MAXIMUS FEDERAL SERVICES, INC.**<br>  Defendant. | **DOCKET NO. 20-01757**<br><br>**JUDGE NANNETTE JOLIVETTE BROWN**<br><br>**MAGISTRATE KAREN WELLS ROBY** |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant, Maximus Federal Services, Inc., by and through its undersigned counsel, respectfully requests that the jury in this matter be charged with the attached instructions marked D-1 through D-16.

                                               Respectfully submitted,

                                           *s/ Amanda Wingfield Goldman*
                                          Susan Fahey Desmond (#25380)
                                          Susan.Desmond@jacksonlewis.com
                                          Amanda Wingfield Goldman (#30800)
                                          Amanda.Goldman@jacksonlewis.com
                                          **JACKSON LEWIS P.C.**
                                          650 Poydras Street, Suite 1900
                                          New Orleans, Louisiana  70130
                                          Telephone:     (504) 208-1755
                                          Facsimile:      (504) 208-1759

                                          **COUNSEL FOR DEFENDANT**
                                          **MAXIMUS FEDERAL SERVICES, INC.**

# **GENERAL CHARGE TO THE JURY**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Source:        Fifth Circuit Pattern Jury Instruction 3.1

Approved _____        Not Approved _____

## **PROPOSED JURY INSTRUCTION D-1**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

<u>Source</u>:	Fifth Circuit Pattern Jury Instruction 2.6

Approved _____	Not Approved _____

## **PROPOSED JURY INSTRUCTION D-2**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Source:	Fifth Circuit Pattern Jury Instruction 2.11

Approved _____	Not Approved _____

## **PROPOSED JURY INSTRUCTION D-3**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

<u>Source</u>:        Fifth Circuit Pattern Jury Instruction 2.16

Approved _____        Not Approved _____

## **PROPOSED JURY INSTRUCTION D-4**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Source:          Fifth Circuit Pattern Jury Instruction 3.3

Approved _____          Not Approved _____

## **PROPOSED JURY INSTRUCTION D-5**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Source:         Fifth Circuit Pattern Jury Instruction 3.4

Approved _____        Not Approved _____

## **PROPOSED JURY INSTRUCTION D-6**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Source:	Fifth Circuit Pattern Jury Instruction 3.6

Approved _____		Not Approved _____

## **PROPOSED JURY INSTRUCTION D -7**

Louisiana is an employment-at-will state; therefore, employers are not required to have a reason to terminate an employee's employment. In other words, either the employer or the employee may have a good reason, a wrong reason, or no reason for terminating an employment relationship.

Source:    *Read v. Wilwoods Cmty.*, 2014-1475 (La. 03/17/15), 165 So. 3d 883, 886-887.

Approved _____         Not Approved _____

**PROPOSED JURY INSTRUCTION D-8**

Plaintiff Oliver claims that he was retaliated against by Defendant Maximus for engaging in activity protected by Title VII.  Plaintiff Oliver claims that Defendant Maximus retaliated against by terminating his employment after he made a complaint to Defendant Maximus's Ethics Hotline.

Defendant Maximus denies Plaintiff Oliver's claims and contends that it terminated his employment following his unprofessional interaction with his co-worker, Naima Bastain.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.  To prove unlawful retaliation, Plaintiff Oliver must prove by a preponderance of the evidence that:

1. Plaintiff Oliver engaged in protected activity when he placed a complaint with Defendant Maximus's Ethics Hotline;
2. Defendant Maximus terminated Plaintiff Oliver's employment;
3. Defendant's decision to terminate Plaintiff Oliver's employment was on account of his protected activity.

You need not find that the only reason for Defendant Maximus's decision was Plaintiff Oliver's complaint to the Ethics Hotline.  But you must find that Defendant Maximus's decision to terminate Plaintiff Oliver's employment would not have occurred in the absence of – but for – his call to the Ethics Hotline.

If you disbelieve the reason Defendant Maximus has given for its decision, you may, but are not required to, infer that Defendant Maximus would not have decided to terminate Plaintiff Oliver's employment but for him engaging in the protected activity.

Source:	Fifth Circuit Pattern Jury Instruction 11.5

Approved _____	Not Approved _____

## **PROPOSED JURY INSTRUCTION D-9**

In considering Defendant Maximus's reasons for discharging Plaintiff Oliver, you are not to second-guess the wisdom or reasonableness of Defendant Maximus's business decision. Defendant Maximus had the right to discipline or discharge Plaintiff Oliver for any reason or no reason, fair or unfair, so long as Plaintiff Oliver's age was not the real reason for the decision made by Defendant Maximus.

For Defendant Maximus to prevail in this lawsuit you need not determine that Defendant Maximus was correct in its employment decisions; you need only determine that Defendant Maximus believed that its employment actions were appropriate.

When considering this issue, you should remember that Defendant Maximus is entitled to make its own business judgment or decisions, so long as it does not make those decisions on the basis of illegal criteria such as unlawful discrimination.

Further, if Defendant Maximus's managers or supervisors believed that its actions in regard to Plaintiff Oliver were justified, even if those beliefs were incorrect or misinformed, then you must find for Defendant Maximus unless you find that the managers or supervisors intended to unlawfully discriminate against Plaintiff Oliver. If you find that Defendant Maximus's reasons in its actions against Plaintiff Oliver were not motivated by an intent to unlawfully discriminate, but by some other factors, then the law says that Plaintiff Oliver is not entitled to relief.

Accordingly, the ultimate burden remains upon Plaintiff Oliver to prove to you that Defendant Maximus's reasons for the employment decisions were nothing more than pretext; that either Plaintiff Oliver's race was the reason for any adverse employment decisions made against Plaintiff Oliver; and that Defendant Maximus would not have taken action against Plaintiff Oliver but for an illegal intent on the part of Defendant Maximus to unlawfully discriminate against Plaintiff Oliver.

Source: *Mato v. Baldauf*, 267 F.3d 444, 452 (5th Cir. 2001); *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999).

Approved _____        Not Approved _____

## **PROPOSED JURY INSTRUCTION D-10**

If Defendant Maximus has offered evidence tending to show a non-discriminatory reason for the challenged action, you should consider whether Defendant Maximus's articulated reason for its action is not the true reason why Defendant Maximus took adverse action against the Plaintiff Oliver and whether the true reason for the adverse action was age discrimination.

When you consider Plaintiff Oliver's evidence that the reason advanced by Defendant Maximus is a pretext, keep in mind that the relevant question is not whether Defendant Maximus's reason showed poor or erroneous judgment. Defendant Maximus would be entitled to make its decision for a good reason, a bad reason, or for no reason at all, so long as the decision was not motivated by unlawful discrimination.

It is Plaintiff Oliver's burden to persuade you, by a preponderance of the evidence, that Defendant Maximus took the adverse action against the Plaintiff Oliver because of his race or in retaliation for his engaging in protected activity. If you do not believe Defendant Maximus's explanation for its action, then you may infer, but need not infer, that the real reason was that Defendant Maximus intentionally discriminated against Plaintiff Oliver because of his race or in retaliation for protected activity.

Source:     *McDonnell Payne Corp. v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973).


Approved _____        Not Approved _____

## **PROPOSED JURY INSTRUCTION D-11**

Since the Plaintiff Oliver is claiming money damages in this case, I must discuss the law of damages with you. However, you must not take this discussion to mean that the Plaintiff Oliver is entitled to any money damages simply because I instruct you on the law of damages.

If you find that the Defendant Maximus discriminated or illegally retaliated against the Plaintiff, he may be entitled to money damages or backpay. The sum he would be entitled to will be what wages he would have earned and any benefits he would have received, if he had not been discriminated or retaliated against minus all income and benefits he actually received.

It is the Plaintiff Oliver's burden to prove each element and item of damage relating to monies he claims he would have received had he not been discriminated against, it is not Defendant Maximus's burden to disprove them.

Source:    Derived from Fifth Circuit Pattern Instruction 11.8 (not verbatim); Devitt, Blackmar and Wolf, Federal Jury Practice and Instructions, §§ 104.05, 104.06, 104A.11 (1987 & Supp. 1993); *Lorillard v. Pons*, 434 U.S. 575 (1978).

Approved _____    Not Approved _____

**PROPOSED JURY INSTRUCTION D-12**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate--to avoid or minimize those damages.

If you find that Defendant Maximus is liable and that Plaintiff Oliver has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence Plaintiff Oliver unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Plaintiff Oliver acted reasonably in avoiding or minimizing his damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendant has the burden of proving the damages which the Plaintiff could have mitigated. In deciding whether to reduce a Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied its burden of proving that a Plaintiff's conduct was not reasonable.

Source:         Fifth Circuit Pattern Instruction 15.15

Approved _____        Not Approved _____

**PROPOSED JURY INSTRUCTION D-13**

If you found that Defendant Maximus violated Title VII, then you must determine whether it has caused Plaintiff Oliver's damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Oliver has proved liability.

Plaintiff Oliver must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Oliver need not prove the amount of his losses with mathematical precision, but only with as much accuracy and definitiveness as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Oliver would have earned in his employment with Defendant Maximus if he had not been terminated from employment to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Oliver received from employment during that time; and (2) the amount of other damages sustained by Plaintiff Oliver, such as mental anguish and other noneconomic losses.

Back pay includes the amounts the evidence shows Plaintiff Oliver would have earned had he remained an employee of Defendant Maximus. These amounts include wages or salary and such benefits as life and health insurance and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant proves by a preponderance of the evidence Plaintiff Oliver received during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Oliver for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

To recover compensatory damages for mental and emotional distress, Plaintiff Oliver must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Oliver must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy. Damages for past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life are meant to compensate Plaintiff Oliver for such damages through the date of judgment, while damages for future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life are meant to compensate Plaintiff Oliver for such damages after the date of judgment. Even if you find that Plaintiff Oliver is entitled to damages for past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, you are not required to award damages for future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life absent evidence of such damages.

<u>Source</u>:          Fifth Circuit Pattern Instruction 10.2; 11.14B.

Approved _____    Not Approved _____

## **PROPOSED JURY INSTRUCTION D-14**

If you find that Defendant Maximus is liable for Plaintiff Oliver's injuries, you must award Plaintiff Oliver the compensatory damages that he has provided. You may, in addition, award punitive damages if you find that Defendant Maximus acted with malice or with reckless indifference to the rights of others. One acts with malice when it purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another.

Plaintiff Oliver has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.


Source:     Fifth Circuit Pattern Instruction 11.14.

Approved _____        Not Approved _____

## **PROPOSED JURY INSTRUCTION D-15**

Plaintiff Oliver's subjective beliefs of discrimination and retaliation, however genuine, cannot be the basis of a finding that Defendant Maximus discriminated or retaliated against him.  Personal beliefs, conjecture, and speculation do not give rise to an inference of discrimination.  Plaintiff Oliver must produce evidence, other than his own opinion, that would lead you to reasonably conclude that, more likely than not, Defendant Maximus would not have terminated his employment but for his race.

Source:  *Goudeau v. Nat'l Oilwell Varco, L.P.*, C.A. No. 4:12-CV-3332 (S.D. Tex. Jan. 28, 2016) (Hoyt) (Instructions to the Jury); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002); *Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 139-140 (5th Cir. 1996).


Approved _____        Not Approved _____

**PROPOSED JURY INSTRUCTION D-16**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a [jury foreperson] [presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your [jury foreperson] [presiding juror] must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the [jury foreperson] [presiding juror] should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Source:    Fifth Circuit Pattern Jury Instruction 3.7

Approved _____    Not Approved _____

4832-7985-4062, v. 1