# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RENE ANTHONY OLIVER,**<br>Plaintiff<br><br>v.<br><br>**MAXIMUS FEDERAL SERVICES, INC.**<br>Defendant. | **DOCKET NO. 20-01757**<br><br>**JUDGE NANNETTE JOLIVETTE BROWN**<br><br>**MAGISTRATE KAREN WELLS ROBY** |

## DEFENDANT'S TRIAL MEMORANDUM

**NOW INTO COURT, COMES** Defendant, Maximus Federal Services, Inc., ("Maximus"), who, pursuant to the Court's Scheduling Order [Doc. 18-1] submits its Trial Memorandum.

### I. CAUSATION STANDARD FOR DISPARATE TREATMENT CLAIM

Plaintiff, Rene Anthony Oliver ("Oliver") alleges that Maximus discriminated against him on the basis of race when it terminated his employment and claims that similarly-situated comparators outside of the protected class were treated more favorably than he. While Maximus submits that Oliver cannot present sufficient evidence that similarly-situated comparators outside of the protected class were treated more favorably than he, the comments to the Fifth Circuit Pattern Jury Instructions highlight the issue regarding the lack of clarity with respect to the causation standard applicable to Title VII disparate treatment claims under 42 U.S.C. § 2000e-2.

A claim may arise under § 2000e-2(a), which prohibits employers from discriminating against employees "because of" an impermissible factor ("but for" causation). A claim may also arise under § 2000e-2(m), which makes it unlawful for employers to discriminate against an employee for an impermissible factor, even if the employer's motivations also included legitimate reasons ("motivating factor" causation). *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003).

To determine whether a claim falls under § 2(a)'s "but for" causation or § 2(m)'s "motivating factor" causation, the Court must decide at the close of trial whether a reasonable jury could conclude that the employer's actions were based on a single motivating factor or whether the employer acted based on multiple factors, of which at least one is a legitimate, nondiscriminatory reason.[1] The Fifth Circuit Pattern Jury Instructions' Committee acknowledged that the most recent published opinion on this issue, *Smith v. Xerox Corporation*, 602 F.3d 320 (5th Cir. 2010), *abrogated in part by University of Texas Southwest Medical Center v. Nassar*, 133 S. Ct. 2517 (2013)[2] recognized that the Court must decide at some point during the proceedings whether the case involves mixed motives, and that the plaintiff must present evidence of discrimination "because of" a protected characteristic.

> After hearing both parties' evidence, the district court must decide what legal conclusions the evidence could reasonably support and instruct the jury accordingly . . . [T]he choice of jury instructions depends simply on a determination of whether the evidence supports a finding that just one - or more than one- factor actually motivated the challenged decision. *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 856 (9th Cir. 2002) (en banc). Put another way, if the district court has before it substantial evidence supporting a conclusion that both a legitimate and an illegitimate (i.e., more than one) motive may have played a role in the challenged employment action, the court may give a mixed-motive instruction.

*See* Fifth Circuit Pattern Jury Instructions, Sec. 11, Employment Claims (quoting *Smith*, 602 F. 3d at 333). The Committee concluded that, when appropriate under current law, that "the instructions provide both 'but for' and motivating-factor alternatives in stating the charge elements and the accompanying jury questions."

Given this guidance, Maximus requests that the Court review the evidence at the close of trial before considering whether to instruct the jury regarding "but for" or motivating-factor

---

[1] *See* Fifth Circuit Pattern Jury Instructions, Sec. 11, Employment Claims.

[2] Although this decision was abrogated in part, the Fifth Circuit Pattern Jury Instructions Committee recognized that the cited language remains the most recent Fifth Circuit guidance on causation standards in Title VII cases. *Id.* (citing *Zamora v. City of Houston*, 798 F.3d 326 (5th Cir. 2015)).

causation and make a determination regarding what legal conclusion the evidence could reasonably support each causation standard and instruct the jury accordingly.

## II. MAXIMUS'S PROPOSED INTERROGATORY REGARDING WHETHER OLIVER ENGAGED IN PROTECTED ACTIVITY

Maximus submitted a proposed jury interrogatory regarding whether Oliver engaged in protected activity when he called the Ethics Hotline. Whether such constitutes protected activity is a threshold question which must first be answered in addressing the legitimacy of Oliver's retaliation claim. Maximus includes the following briefing to address this jury interrogatory beyond its citation to authority as appears in the interrogatory.

Oliver claims that he engaged in protected activity when he called the Ethics Hotline to complain about "unfair treatment" when he received the verbal warning.[3] This complaint[4] does not mention discriminatory treatment, and Oliver further testified that he just complained that the verbal warning was unfair.[5] "Unfair" treatment, without reference to discrimination, does not constitute protected activity.[6] "A vague complaint that does not reference a discriminatory employment practice does not constitute protected activity."[7]

Oliver's Ethics Hotline complaint focused on the allegation that he asked another manager, Shawn Ratliff, what to do about the absent employee, as well as his allegation that other employees received "paperwork from others in the past." While he claimed he did not know why he was "targeted" for disciplinary action, his complaint clearly references no complaints related to race.

---

[3] [Doc. 30, p. 9]

[4] Oliver Depo., Ex. 13, Ethics Complaint [Doc. 23-6, p. 103-107].

[5] Oliver Depo, p. 267 [Doc. 31-1, p. 77]

[6] *Mitchell v. UTL X Mfg., LLC*, 569 Fed. Appx. 228 (5th Cir. 2014) (employee's call to hotline to complaint about supervisor yelling and cursing him for damaging a jacket was not discriminatory conduct which could qualify as protected activity).

[7] *Carter v. Target Corp.*, 541 Fed. Appx. 413, 418 (5th Cir. 2013) (no protected activity where grievance made no mention of race discrimination), *citing Davis v. Dallas Indep. Sch. Dist.*, 448 Fed. Appx. 485, 493 (5th Cir. 2011).

"[A]n employee cannot simply complain that [he] received *unfair or undesirable* treatment."[8] Therefore, Maximus submits that this threshold inquiry must be first addressed by the jury before evaluating the legitimacy of his retaliation claim.

Respectfully submitted this 10th day of June, 2021.

Respectfully submitted,

 *s/ Amanda Wingfield Goldman*
Susan Fahey Desmond (#25380)
Susan.Desmond@jacksonlewis.com
Amanda Wingfield Goldman (#30800)
Amanda.Goldman@jacksonlewis.com
**JACKSON LEWIS P.C.**
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759

**COUNSEL FOR DEFENDANT,
MAXIMUS FEDERAL SERVICES, INC.**

4813-7157-7838, v. 1

---

[8] *Carter*, 541 Fed. Appx. at 418 (citing *Richard v. Cingular Wireless, LLC*, 233 Fed. Appx. 334, 338 (5th Cir. 2007).