## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RENE ANTHONY OLIVER,** | **DOCKET NO. 20-01757** |
| **Plaintiff** | |
| **v.** | **JUDGE NANNETTE JOLIVETTE BROWN** |
| **MAXIMUS FEDERAL SERVICES, INC.** | |
| **Defendant** | **MAGISTRATE KAREN WELLS ROBY** |

### PLAINTIFF'S AMENDED PROPOSED JURY INSTRUCTIONS

Plaintiff, Rene Anthony Oliver through undersigned Counsel comes and files his Proposed

Jury Instructions pursuant to the Court's scheduling order [Doc 18-1].

Respectfully Submitted,

**LAW OFFICES OF YANCY A. CARTER**

 */s/ Yancy A. Carter*
Yancy A. Carter, Esq. (Bar #24335)

Law Offices of Yancy A. Carter

Post Office Box 691442

Houston, Texas 77269

Telephone: (504) 319-3625

Facsimile: (832) 284-7052

yancycarter@hotmail.com

**COUNSEL FOR PLAINTIFF**

**RENE ANTHONY OLIVER**

# PLAINTIFF'S AMENDED PROPOSED JURY INSTRUCTIONS

# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

*Rene Anthony Oliver v. Maximus Federal Services, Inc.*

Civil Action No. 2:20-CV-01757

## PROPOSED JURY INSTRUCTION NO. 1
### TITLE VII

The Plaintiff s claim of discrimination based on race and sex is brought under the federal law known as Title VII of the Civil Rights Act of 1964, as amended often called Title VII.[1]

Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, is designed to assure equality of employment opportunity and ensure that all persons enjoy full and adequate protection against employment discrimination.

Title VII makes it an unlawful employment practice for an employer:

1. To fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, the terms, conditions, or privileges of employment, because of such individual's race or sex; or

2. To limit, segregate or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee because of such individual's sex and race.

---

[1] 42 U.S.C. Sect. 2000e-2; H.R. REP. 102 -4O,2 1991 U.S.C.C.A.N. 694,694 1991 WL 87020 1 (purpose)

**PROPOSED JURY INSTRUCTION NO. 2**

**TITLE VII - DISCRIMINATION BASED ON RACE**

In order for Plaintiff to establish her claim for race discrimination under Title VII, he must prove

the following by a preponderance of the evidence:

1. The Defendant's write-up of the Plaintiff was incorrect.

2. The Plaintiff s race was a motivating factor for the Defendant's action.

If you find that the Plaintiff has failed to prove either or both of these propositions by a

preponderance of the evidence, then you must find against him on discrimination claim in favor

of the Defendant. If, on the other hand, you find that the Plaintiff has proved both,[2] then you

must find in favor of the Plaintiff.

---

[2] *Elmore v. Capstan, Inc.,*58 F.3d 525, 529  10th Cir;. See also *Texas Dept. Of Comm. Affairs v. Burdine,*450 U.S.
248, 256 (1981), citing *McDonnell Douglass Corp. v. Green,*411 IJ.S.792, 804-05 (1983).

**PROPOSED JURY INSTRUCTION NO. 3**

**DISPARATE TREATMENT**

The plaintiff has brought a claim of employment discrimination against the defendant. The plaintiff claims that his race was the sole reason or a motivating factor for the defendant's decision write him up and eventually terminate him.  The defendant denies that the plaintiff s race was either the sole reason or a motivating factor for the defendant's decision to write him up. Plaintiff believes Defendant's decision was based on an unlawful reason[3].

---

[3] In *Costa v. Desert Palace, Inc.*,299 F.3d 838, 856-57 (9th Cir.2002) (en banc), affid, 539 U.S. 90 (2003).

## PROPOSED JURY INSTRUCTION NO. 4
## COMPENSATORY DAMAGES

The fact that I instruct you on damages does not represent any view by me that you should or should not find defendant liable.

Plaintiff seeks to recover damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses.

You must not consider any lost wages or fringe benefits. Federal law requires that I as the judge determine the amount of any lost wages and fringe benefits that [plaintiff shall recover if you find [defendant] liable.  Distress arising from this lawsuit, or legal expenses incurred in this lawsuit must also not be included in these damages. You must determine instead what other loss, if any, plaintiff has suffered or will suffer in the future caused by being forced to work in a hostile work environment that you find defendant has committed under the instructions I have given you. We call these compensatory damages. You may award compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses if you determine that plaintiff has proven by a preponderance of the evidence that she has experienced any of these consequences as a result of subject to a hostile work environment and race and sex discrimination. No evidence of the monetary value of intangible things like emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses is available and there is no standard I can give you for fixing any compensation to be awarded for these injuries. Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not grounds for denying a recovery on this element of damages. You must, therefore, make the best and most

reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, of the amount of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses you find that plaintiff has undergone and can probably be expected to suffer in the future as a result of defendant's conduct. And you must place a money value on this, attempting to come to a conclusion that will be fair and just to both of the parties. This will be difficult for you to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages[4].

---

[4] 42 U.S.C. § 2000e-5(g) (2001); see also Pollard v. E.I. du Pont de Nemours & Co.,532 U.S. 843,847-48 (2001) (Title VII) (outlining the damages available under gg 1981a and 2000e-5(g)). Section 1981a(b) complements § 2000e-5(g) by authorizing both compensatory and punitive damages in situations where § 2000e-5(g) authorized only equitable remedies. 42 U.S.C. § 198la (2001); see also Pollard, 532 U.S. at 847-48.

**PROPOSED JURY INSTRUCTION NO. 6**

**ATTORNEY'S FEES AND COST**

In a Title VII case, the Court in its discretion may allow the prevailing party, reasonable attorney fees including expert fees as part of the cost[5].

---

[5] 42 U.S.C. Sect. 2000e-5(k).

**PROPOSED JURY INSTRUCTION NO. 7**

**PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any

punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case][6]

---

[6] Manual Model Civil Jury Instructions - 5.5 Punitive Damages